UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 06-21107-CIV-SEITZ/MCALILEY

RODNEY JEROME GREENE,

    Petitioner,

v.

JAMES McDONOUGH, Secretary
Florida Department of Corrections,

    Respondent.
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Rodney Jerome Greene's Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") [DE 1, 5/3/06]. Petitioner claims that his constitutional rights have been violated because he did not receive effective assistance of counsel. Having considered the pleadings, record and applicable legal authority, the Petition is denied for failure to exhaust state court remedies, as mandated by 28 U.S.C. § 2254(b)(1)(A).

**I.**    **Background**

Petitioner was charged in the Circuit Court of the Eleventh Judicial Circuit of Florida with strong-arm robbery as a result of a purse snatching that took place on October 22, 2002. (DE 7, Appx. A.) Having been found guilty by a jury, on January 12, 2004 Petitioner was adjudicated a habitual violent offender and sentenced to 30 years in prison, with a minimum mandatory sentence of 10 years. (DE 7, Appx. B, C.) Petitioner, *pro se*, filed a timely notice of appeal of his conviction and sentence with the Florida Third District Court of Appeal. (DE 7, Appx. D.) Thereafter, counsel was appointed to represent Petitioner on appeal.

On December 7, 2006, appellate counsel sought leave to withdraw as counsel. (DE 7, Appx.

1

E.) In her motion, appellate counsel requested that she be relieved from further responsibility because she believed that any claims on appeal lacked merit. (*Id.*) Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel filed a memorandum identifying portions of the record that could arguably support an appeal. (*Id.*) Specifically, appellate counsel identified the following:

> 1. Whether the trial court conducted an adequate *Nelson* inquiry;
> 2. Whether the trial court conducted an adequate *Faretta* inquiry;
> 3. Whether the trial court committed fundamental error in permitting hearsay evidence that the stolen purse was found in the dumpster in which the defendant allegedly confessed to having deposited it;
> 4. Whether the trial court committed fundamental error in permitting the prosecutor to elicit evidence that the defendant was being detained for another offense at the time of his alleged confession to this offense;
> 5. Whether the trial court erred in failing to permit the defendant to retain substitute counsel, on the beginning of the second day of trial, where the defendant had moved to discharge special appointed counsel, the trial court had found appointed counsel to be competent, the trial court had found the defendant to be incompetent to represent himself, and the defendant had proffered that he could retain substitute counsel within fifteen minutes;
> 6. Whethr the trial court committed fundamental error in permitting the prosecutor to elicit hearsay evidence that the police located the victim's Fendi bag in the dumpster in which the defendant allegedly confessed to having deposited it.

(DE 7, Appx. E) (record citations omitted).

The appellate court initially withheld ruling on counsel's motion to withdraw, to allow counsel to serve the motion and *Anders* brief on the Petitioner and to permit Petitioner thirty days within which to file a statement of any points he wished to submit as grounds in support of his appeal. (DE 1, Appx. p. 16.) Petitioner filed such a statement (DE 1, p. 3 ¶ 7; Appx, p. 2, 12/22/04 dkt. entry) and the Third District affirmed *per curiam*. *Greene v. State,* 900 So. 2d 565 (3d DCA 2005). Petitioner later sought discretionary review by the Supreme Court of Florida (DE 1, Appx, p.18]) and that relief was denied

on May 3, 2005.  *Green v. State*, 903 So. 2d 189 (Fla. 2005).

This Petition was filed on May 3, 2006 and presents for federal review three claims of violations of Petitioner's constitutional rights.  His first claim is of ineffective assistance of counsel on appeal. (DE 1, pp. 14-24.) Specifically, Petitioner complains that appellate counsel was ineffective for proceeding under *Anders v. California*.  According to Petitioner, counsel should have raised on appeal the trial court's denial, on the second day of trial, of Petitioner's motion to discharge his court-appointed counsel and privately retain new counsel.  Petitioner further alleges that appellate counsel should have challenged the inquiries the trial court conducted at that time pursuant to *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973) and *Faretta v. California*, 422 U.S. 806 (1975), which Petitioner argues were improper.  Petitioner also contends appellate counsel was ineffective for failing to raise on direct appeal the ineffectiveness of trial counsel in two instances: 1) trial counsel's failure to object to the introduction of evidence that Petitioner was in custody for another offense at the time of his confession to this offense, and 2) trial counsel's failure to object to the admission of certain hearsay testimony from police officers.

Next, Petitioner alleges ineffective assistance of trial counsel for her failure to make the objections referenced above. (DE 1, pp. 25-28.)  Finally, Petitioner claims his right to counsel under the Fifth, Sixth and Fourteenth Amendments was violated when the trial court refused his request, on the second day of trial, to discharge his court-appointed lawyer and retain private counsel. (DE 1, pp. 28-30.)

## II.     Analysis

### A.     Petitioner has failed to exhaust his state court remedies

Petitioner contends that the state courts, in trying and convicting Petitioner, violated his constitutional rights, and that his continued state custody is therefore unlawful.  Petitioner, however,

has not presented his claims to the Florida courts for review.

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Subsection (b)(1) of the habeas corpus statute Petitioner invokes codifies the state exhaustion doctrine and provides that a writ of habeas corpus filed by a state prisoner "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. §2254 (b)(1).[1] The Supreme Court has construed the exhaustion requirement to obligate a state prisoner, before bringing an action under 28 U.S.C. §2254, to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845; *Nelson v. Schofeld*, 371 F.3d 768, 769-70 (11th Cir. 2004) (state prisoner must avail himself of all available state court remedies for challenging his conviction whether on direct appeal or by state post-conviction motion).

Petitioner has not given the Florida courts "one full opportunity" to resolve his constitutional claims. This is certainly true for Petitioner's claim of ineffective assistance of appellate counsel, which could be brought before the state courts pursuant to Florida Rule of Criminal Procedure 9.141(c)(2), which provides: "[p]etitions . . .alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken." Rule 9.141 further provides that a "petition alleging ineffective assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review. . . ." Fla. R. App. P. Rule 9.141 (c)(4)(B). Thus, it

---

[1] The statute further provides that the writ may be granted if "there is an absence of available State corrective process; or circumstances exists that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither of these exceptions apply here.

would appear that Petitioner is not yet time-barred from raising this claim in state court.[2]

Likewise, Petitioner has also failed to exhaust available state remedies with respect to his claim of ineffective assistance of trial counsel. This claim is amenable to review pursuant to Florida Rule of Criminal Procedure 3.850 which allows individuals who have been adjudicated guilty to file a motion to vacate, set aside, or correct sentence. *See Henry v. State*, 933 So. 2d 28, 29 (Fla. 2d DCA 2006) (citing *Meeks v. State*, 382 So. 2d 673, 675 (Fla. 1980); *Grubbs v. Singletary*, 120 F.3d 1174, 1177 (11th Cir. 1997). Motions pursuant to Rule 3.850 are time-barred in non-capital cases if filed more than two years after judgment and sentence become final, Fla. R. Crim. P. 3.850(b); therefore, the opportunity to present this claim to the state court is still available to Petitioner.

Petitioner's third claim, that his Constitutional rights were violated when he was forced to conclude his trial represented by an attorney no longer of his choosing, was arguably raised on direct appeal in the *Anders* brief. If, in fact, this claim has been exhausted, it must nevertheless be dismissed along with the other claims in this Petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (district courts must dismiss mixed petitions containing both exhausted and unexhausted claims).

On this record it is thus clear that Petitioner has failed to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1) and that the Petition must therefore be denied.

---

[2] Respondent takes the position that Petitioner's conviction became final on direct review on February 2, 2005, when the Third District Court of Appeal *per curiam* affirmed Petitioner's conviction. (DE 7, p. 9.) This Court notes, however, in Florida an appellate decision is not rendered until a timely motion for rehearing is resolved by the filing of a written order. Fla. R. App. P. Rule 9.020 (i). A review of the docket in Petitioner's state appeal, made part of the appendix to the Petition, indicates Petitioner filed a motion for rehearing on February 17, 2005 and that this motion was not disposed of until it was denied on April 1, 2005. (DE 1, Appx, p. 2.) Using these dates, the two year limitations period would extend into April, 2007. In either event, as of the date of this Order, Petitioner still has the opportunity to present his claims to the Florida courts.

**B.  There is no record of good cause to stay this petition pending exhaustion of state court remedies**

Petitioner will likely be precluded from seeking further habeas relief in this Court due to the one year statute of limitations in 28 U.S.C. 2244(d)(1). This Court can stay this Petition pending exhaustion of Petitioner's claims in state court only on a record of good cause for Petitioner's failure to exhaust his state court claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has made no such record, and the Court's independent review of the pleadings in this case gives no indication of good cause.

**III.  Conclusion**

For the foregoing reasons, it is hereby

ORDERED that

(1) Rodney Jerome Greene's Petition for Writ of Habeas Corpus by a Person in State Custody [DE 1] is DENIED.

(2) All pending motions not otherwise ruled upon are DENIED AS MOOT.

(3) This case is CLOSED.

DONE AND ORDERED at Miami, Florida, this <u>5th</u> day of January, 2007.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:
Magistrate Judge Chris M. McAliley
All counsel of record